## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

```
------------------------------x
                              :
UNITED STATES OF AMERICA,      :   Civ. No. 3:19CV01185(SALM)
ex rel. RALPH BILLINGTON,      :
MICHAEL ACEVES, and SHARON     :
DORMAN                         :
                              :
v.                            :
                              :
HCL TECHNOLOGIES LTD. and      :
HCL AMERICA, INC.              :   December 20, 2021
                              :
------------------------------x
```

## RULING ON MOTION TO STAY DISCOVERY [Doc. #54]

Defendants HCL Technologies LTD. and HCL America, Inc. (collectively "defendants") have filed a motion "for an order staying all discovery in this matter pending resolution of Defendants' Motion to Dismiss[.]" Doc. #54 at 1. Plaintiffs-relators Ralph Billington, Michael Aceves, and Sharon Dorman (hereinafter the "plaintiffs-relators") have filed an opposition to defendants' motion [Doc. #58], to which defendants have filed a reply [Doc. #64]. For the reasons stated below, defendants' Motion to Stay Discovery [**Doc. #54**] is **GRANTED**, pending the resolution of the motion to dismiss.

## I.   Background

Plaintiffs-relators filed this qui tam action on August 1, 2019 [Doc. #1], and have since filed four amended complaints. See Docs. #7, #8, #19, #48. Plaintiffs-relators now proceed

1

pursuant to the Fourth Amended Complaint, which asserts one count against defendants for alleged violations of the False Claims Act, 31 U.S.C. §§3729-3733 ("FCA"). See generally Doc. #48.[1] Plaintiffs-relators allege that defendants have engaged in "widespread fraud against the United States in applying for and securing work visas[,]" so that defendants "can import and employ cheap labor (primarily from India) in the U.S. and avoid having to employ higher priced Americans." Id. at 1. In relevant part, plaintiffs-relators contend that defendants have violated the FCA by: (1) submitting fraudulent visa applications; (2) defrauding the government out of tax revenue by underpaying its H-1B visa workers; and (3) applying for less expensive visas for positions and work for which more expensive visa applications are required. See generally Doc. #48.

On September 28, 2021, defendants filed a motion seeking to dismiss the entirety of the Fourth Amended Complaint, along with a supporting memorandum. See Docs. #52, #53.[2] Defendants contend that the Fourth Amended Complaint fails to state a claim for which relief may be granted because, inter alia: (1) plaintiffs-

---

[1] Throughout this Ruling, the Court cites to the page numbers reflected in each document's ECF header, rather than any numbering applied by the filing party.

[2] This matter was transferred to the undersigned on October 15, 2021. [Doc. #56].

relators fail to allege that defendants "submitted any claim for payment to the U.S. government that would support a cause of action under the FCA[,]" Doc. #53 at 8; (2) plaintiffs-relators fail to plead fraud with adequate particularity, see id. at 18-21; and (3) the public disclosure bar to the FCA prohibits the claims asserted in the Fourth Amended Complaint. See id. at 29-38. Plaintiffs-relators have filed a memorandum in opposition to defendants' motion to dismiss, asserting, in relevant part, that the Fourth Amended Complaint sufficiently alleges a reverse FCA claim and, that the FCA claims are not barred by the public disclosure defense. See generally Doc. #57 at 13-42. Defendants have filed a reply to plaintiffs-relators' opposition. [Doc. #63].

Relying on the asserted strength of their motion to dismiss, defendants request that the Court stay all discovery in this matter pending the disposition of that motion. See Doc. #54 at 1.

## II.  **Applicable Law**

"A request for a stay of discovery is treated as a request for a protective order under Rule 26(c)." Stanley Works Israel Ltd. v. 500 Grp., Inc., No. 3:17CV01765(CSH), 2018 WL 1960112, at *2 (D. Conn. Apr. 26, 2018); see also Fed. R. Civ. P. 26(c)(a)(1) ("The court may, for good cause, issue an order to

3

protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including ... forbidding the ... discovery[.]"). "A request for a stay of discovery, pursuant to Rule 26(c) is committed to the sound discretion of the court based on a showing of good cause." ITT Corp. v. Travelers Cas. & Sur. Co., No. 3:12CV00038(RNC)(DFM), 2012 WL 2944357, at *2 (D. Conn. July 19, 2012) (quotation marks and citation omitted). "The party seeking the stay bears the burden of showing that good cause exists for its request." Stanley Works, 2018 WL 1960112, at *2.

"In deciding whether to stay discovery pending the resolution of a dispositive motion, courts assess the particular circumstances and posture of each case." Al Thani v. Hanke, No. 20CV04765(JPC), 2021 WL 23312, at *1 (S.D.N.Y. Jan. 4, 2021) (citation and quotation marks omitted). Thus, "[i]n determining whether good cause exists for a stay of discovery, three factors are considered: (1) the strength of the dispositive motion; (2) the breadth of the discovery sought; and (3) the prejudice a stay would have on the non-moving party." Lithgow v. Edelmann, 247 F.R.D. 61, 62 (D. Conn. 2007).

Generally, "a stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion appears to have substantial grounds or, stated another way, does

4

not appear to be without foundation in law." Johnson v. New York
Univ. Sch. of Educ., 205 F.R.D. 433, 434 (S.D.N.Y. 2002)
(citation and quotation marks omitted).

**III. Discussion**

Defendants contend that the Court should stay discovery
pending the resolution of the motion to dismiss because: (1) the
motion to dismiss, which seeks to fully dispose of this matter,
is not "without foundation in law[,]" Doc. #55 at 4 (citation
and quotation marks omitted); (2) without a stay, defendants
will be forced to expend substantial resources responding to
plaintiffs-relators' overbroad discovery, see id. at 6-10; and
(3) plaintiffs-relators will not suffer any prejudice should the
Court stay discovery as requested. See id. at 11-12. Plaintiffs-
relators contend, in pertinent part, that: (1) defendants have
not made "a strong showing that its motion to dismiss will be
granted in its entirety[,]" Doc. #58 at 7 (citation and
quotation marks omitted); (2) "the balance of harms weighs
against a stay[,]" id. at 11; and (3) "effective case management
and the potential length of the stay weighs against staying
discovery." Id. Defendants reply, in pertinent part, that
plaintiffs-relators generally fail to cite to the correct legal
standard in their opposition to the motion to stay. See Doc. #66
at 5-6.

A.    The Strength of Defendants' Motion to Dismiss

The Court first considers the strength of defendants' motion to dismiss. "In evaluating this factor, courts will look to see whether there are substantial arguments for dismissal, or, stated differently, whether there has been a strong showing that the plaintiff's claim is unmeritorious." Stanley Works, 2018 WL 1960112, at *3 (citation and quotation marks omitted).

As previously noted, defendants have filed a motion to dismiss the Fourth Amended Complaint pursuant to Rule 12(b)(6), on the grounds that it fails to state a claim upon which relief may be granted. See generally Docs. #52, #53. Plaintiffs-relators have opposed that motion [Doc. #57], and defendants have replied [Doc. #63]. The Court has reviewed the motion to dismiss briefing, in addition to the briefing regarding the motion to stay. See Docs. #52, #53, #57, #63; see also Doc. #55 at 5 n.1 (referring the Court to defendants' motion to dismiss); Doc. #58 at 7 (citing plaintiffs-relators' opposition to defendants' motion to dismiss).

Although the Court "will not attempt to predict the outcome of the motion to dismiss[,]" the motion to dismiss briefing suggests that there are several substantial arguments for the dismissal of this action, which arguments are not unfounded in the law. Stanley Works, 2018 WL 1960112, at *3; see also ITT

6

Corp., 2012 WL 2944357, at *3-4 ("This court does not presume to predict the outcome of the motion to dismiss. However, on the record before the court, the defendant's arguments are substantial and not unfounded in the law." (citation and quotation marks omitted)); Al Thani, 2021 WL 23312, at *1 ("Although the Court declines to rule on the merits of the motion at this stage, it appears from Rogers's briefing that he has made several substantial arguments for the dismissal of this suit.").[3]

Accordingly, this first factor supports a finding of good cause to stay discovery pending the adjudication of the motion to dismiss.

---

[3] Plaintiffs-relators contend that the decision in Franchitti v. Cognizant Tech. Sols. Corp., No. 3:17CV06317(PGS), 2021 WL 3634161, at *1 (D.N.J. Aug. 17, 2021), supports their position that there is not a strong showing that defendants will prevail on the motion to dismiss. In pertinent part, Franchitti declined to dismiss "reverse FCA" claims similar to those asserted in the Fourth Amended Complaint. See generally id. at *5-7. That decision, however, is the subject of a pending motion for reconsideration, or in the alternative to certify interlocutory appeal, which has been scheduled for oral argument on December 20, 2021. See Franchitti, No. 3:17CV06317(PGS), at Doc. #33 (Aug. 30, 2021). The briefing in support of the motion for reconsideration, particularly the Amicus Curiae brief filed on October 28, 2021, by the United States Chamber of Commerce supports defendants' contention that the motion to dismiss presents substantial arguments for the dismissal of this action. See id. at Doc. #49.

B.   <u>The Breadth of Discovery Sought</u>

Second, the Court considers "the breadth of discovery sought and the burden of responding to it." <u>Johnson</u>, 205 F.R.D. at 434 (citation and quotation marks omitted).

Defendants assert: "The expansive breadth of Plaintiffs-Relators' requested discovery and the resulting undue burden on Defendants to expend significant resources in response militates in favor of a discovery stay." Doc. #55 at 6. In support of this contention, defendants attach plaintiffs-relators' written discovery requests, which defendants describe as "comprehensive, broad in time and scope, and require Defendants to search through, and review, over 10 years of documents and ESI." Doc. #55 at 7. Defendants further assert that the claimed burden in responding to these discovery requests "is not speculative because Defendants similarly engaged in an arduous, time-consuming, and expensive discovery process with Plaintiffs-Relators' counsel in a related matter, <u>Handloser, et al. v. HCL Technologies Ltd., et al.</u>, Case No. 5:19-cv-1242 (the 'Handloser Action')[,]" which "substantially overlaps with[]" this action. <u>Id.</u> at 9; <u>see also</u> Doc. #55-1 at 2-4 (Declaration of Attorney Lisa Stephanian Burton describing the document production and hours incurred during the course of discovery in the <u>Handloser</u> action).

8

Plaintiffs-relators respond that defendants' "motion massively overstates the burden it will face without a stay of discovery." Doc. #58 at 9. Rather than address the contention that their discovery requests are over overbroad and unduly burdensome, plaintiffs-relators instead "submit that the better approach would be to deny the motion to stay at this time, without prejudice, to see if the Parties can agree on a mutually-satisfactory way to resolve this issue[.]" Id. at 10 (sic).

Defendants have established, through a particularized demonstration of fact supported by the declaration of counsel [Doc. #55-1], that at this stage of the proceedings, responding to the discovery at issue would be significantly burdensome. See Republic of Turkey v. Christie's, Inc., 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018) ("To establish good cause under Rule 26(c), courts require a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." (citation and quotation marks omitted)). Plaintiffs-relators have failed to present any persuasive argument or evidence to the contrary.[4]

---

[4] Although at this time the Court declines to opine on the appropriate scope of plaintiffs-relators' written discovery requests, on their face, those requests do seek an extremely broad swath of information. See generally Doc. #55-1 at 7-29.

9

Accordingly, this second factor also supports a finding of good cause to stay discovery pending adjudication of the motion to dismiss. See, e.g., Johnson, 205 F.R.D. at 434 (Court entered a stay of discovery pending the adjudication of a motion to dismiss where "[t]he discovery being sought by plaintiff consists of an extensive set of interrogatories directed at New York University's Director of Personnel that asks for information covering a span of more than five years."); ITT Corp., 2012 WL 2944357, at *4 (granting stay of discovery pending adjudication of motion to dismiss where "[t]he discovery will be time-consuming, burdensome and expensive[]" and the motion to dismiss "is potentially dispositive and appears to have substantial grounds[]"); Granite Commc'ns, Inc. v. One Commc'ns Corp., No. 3:07CV01354(PCD), 2008 WL 11381494, at *1 (D. Conn. Apr. 24, 2008) (Court granted defendants' motion to stay discovery pending the adjudication of a motion to dismiss where plaintiff had "served broad discovery requests pertaining to every customer relationship that One Communications has had since 2001[,]" and "the process of responding to [the requests would] presumably be expensive and burdensome.").

C.   Prejudice to the Plaintiffs-Relators

Last, the Court considers whether plaintiffs-relators would be prejudiced by a stay of discovery. Defendants assert that

10

plaintiffs-relators "will not suffer any prejudice" given the breadth of documents and ESI that have already been produced in the related Handloser action. See Doc. #55 at 11. Defendants also contend that because fact and expert discovery do not close until September 30, 2022, plaintiffs-relators "will have ample opportunity to take discovery if Defendants' Motion to Dismiss is denied." Id. Plaintiffs-relators contend that they "and the government will likely suffer significant harm if discovery is stayed[,]" because, inter alia, evidence will become stale and the government will continue to suffer economic harm. Doc. #58 at 10; see also id. at 10-11.[5] Plaintiffs-relators also contend that "effective case management and the potential length of the stay weighs against staying discovery." Id. at 11.

As an initial matter, any concerns about the current scheduling order may be ameliorated by seeking an amendment of the current deadlines. Nevertheless, plaintiffs-relators have failed to demonstrate that they will suffer significant prejudice by a stay of discovery, particularly where, as here, plaintiffs-relators have contributed to a delayed resolution of this matter by amending the complaint four times. "The Court acknowledges that a stay will prejudice Plaintiff[s-relators],

_____

[5] The Court notes that the United States has "declined to intervene in this action pursuant to the False Claims Act[.]" Doc. #12.

but it is not convinced, especially given how long this suit has already dragged on without significant movement, that any prejudice outweighs the other factors favoring a stay." Granite Commc'ns, Inc., 2008 WL 11381494, at *1; see also Stanley Works, 2018 WL 1960112, at *3 ("Suffice it to say that a delay would prejudice Plaintiff, but no more so than any other litigant seeking prompt resolution of its claims.").

Accordingly, "because the adjudication of the pending motion to dismiss may obviate the need for burdensome discovery[,]" and where plaintiffs-relators have failed to establish that any prejudice outweighs the other factors favoring a stay of discovery, defendants' motion to stay discovery is **GRANTED**, pending the resolution of defendants' motion to dismiss. Johnson, 205 F.R.D. at 434.

## IV.  Conclusion

For the reasons stated, defendants' Motion to Stay Discovery [**Doc. #54**] is **GRANTED**, pending the resolution of the motion to dismiss.

Should the Fourth Amended Complaint survive defendants' motion to dismiss, the Court will issue a Revised Scheduling Order and Case Management Plan.

It is so ordered at New Haven, Connecticut, this 20th day of December, 2021.

                              _____/s/_____
                              HON. SARAH A. L. MERRIAM
                              UNITED STATES DISTRICT JUDGE